UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                 Plaintiff,

- against -

LOCAL 14-14B OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Civil Action No.

(Johnson, S.J.)

(_____, M.J.)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 25 2008 ★

BROOKLYN OFFICE

08
3046
JOHNSON, J

AZRACK, J.

The UNITED STATES OF AMERICA, by its attorney, BENTON J.

CAMPBELL, United States Attorney for the Eastern District of New York, Richard K. Hayes,

Assistant United States Attorney, of counsel, alleges for its Complaint herein as follows:

### INTRODUCTION

1.     Since at least the 1980s, the construction industry in the Eastern District

of New York and elsewhere has been infiltrated, controlled, influenced, and corrupted by

families of La Cosa Nostra, including the Colombo Organized Crime Family ("Colombo

Family") and the Genovese Organized Crime Family ("Genovese Family"). This has included

the exercise of corrupt influence within Local 14-14B of the International Union of Operating

Engineers ("Local 14"). In a number of instances, friends and relatives of members and

associates of the Colombo and Genovese Families have been given well-paying jobs - - at the

expense of Local 14's membership - - as the mob exploited the union.

2.     The United States of America brings this action pursuant to the Racketeer

Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO") to enjoin future



corruption and any organized crime influence upon Local 14.

## JURISDICTION AND VENUE

3.     Jurisdiction for this action is predicated upon 18 U.S.C. § 1964(a), and 28 U.S.C. §§ 1331, 1345, 2201 and 2202.

4.     Venue for this action is predicated upon 18 U.S.C. § 1965 and 28 U.S.C. § 1391.

## THE PARTIES

5.     Plaintiff United States of America is a sovereign and body politic.

6.     Defendant Local 14 is and was, at all times relevant hereto, a labor organization, as that term is defined in 29 U.S.C. §§ 402 (i) and (j), which represents employees of businesses engaged in industries affecting interstate and foreign commerce. Local 14 represents its membership in heavy construction and building construction industries within the five boroughs of New York City, including Brooklyn and Staten Island. Local 14's principal place of business is 141-57 Northern Boulevard, Flushing, New York 11354. Local 14 acts through its officers and Executive Board, the managing body of Local 14.

## THE ORGANIZED CRIME FAMILIES

7.     La Cosa Nostra ("LCN"), a/k/a the "Mafia" or "Our Thing," is a

nationwide criminal organization which has operated throughout the United States through

entities known as "Families." LCN figures have used their control of various labor unions to

demand and receive payoffs from employers of union members in exchange for labor peace, to

embezzle union funds, and to engage in other racketeering acts.

8.     The Genovese and Colombo Families are operated and structured

similarly. The Genovese Family and Colombo Family each has operated through groups of

individuals headed by "captains," who are referred to as "skippers," "caporegimes" and

"capodecinas." These groups, which are referred to as "crews," "regimes" and "decinas," consist

of "made" members of the Genovese and Colombo Families, who also are referred to as

"soldiers," "friends of ours," "good fellows" and "buttons" and associates of the Genovese and

Colombo Families. Each captain is responsible for supervising the criminal activities of his crew

and providing crew members and associates with support and protection. In return, the captain

receives a share of the earnings of the crew's members and associates.

9.     Above the captains are the three highest-ranking members of the Genovese

and Colombo Families, respectively. The head of the Genovese Family or Colombo Family is

known as the "boss." He is assisted by an "underboss" and a counselor, who is known as the

"consigliere." With the assistance of the underboss and the consigliere, the boss is responsible

for setting policy, resolving disputes between members of the Family and members of other

criminal organizations, and approving all significant actions by members of the Family. From

time to time, members of the Family have been temporarily appointed to boss, underboss,

consigliere or captain positions, and have functioned in an "acting" capacity in the stead of an incarcerated or temporarily incapacitated Family member who continued to hold the "official," as opposed to acting, position within the Family.

## RELEVANT CRIMINAL PROCEEDINGS

10.     In an effort to eradicate corruption from the construction industry, the United States has prosecuted several cases.   In *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.) and *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.), the United States charged members and associates of the Genovese and Colombo Families, business managers, business agents, master mechanics and members of Local 14, and business managers, business agents, maintenance foremen, and members of Local 15, 15A, 15B, 15C and 15D of the IUOE ("Local 15") with engaging in a pattern of racketeering activity, including extortion, mail fraud, unlawful receipt of payments, embezzlement, gambling, and bribery.  The United States also has prosecuted cases against contractors who had been engaged in racketeering activities involving Local 14 and 15, including *United States v. Guerino Cavaliere*, 04 Cr. 1320 (S.D.N.Y.) (Rakoff, J.); *United States v. Edward Simpson*, 04 Crim. 1319 (S.D.N.Y.) (Mukasey, J.); *United States v Peter Ruttura*, 04 Crim. 1318 (S.D.N.Y.) (Kaplan, J.); and *United States v. Dino Tomassetti*, 04 Crim. 01317 (S.D.N.Y.)(Reese, J.)

11.     The following individuals were charged with crimes and convicted in *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.) and related criminal cases (copies of the Superseding Indictments in *Cacace* are annexed hereto as Exhibit A and the allegations set forth in each are incorporated herein):

a.     Joel J. Cacace, Sr., also known as "Joe Waverly," was the

4

consigliere or the acting boss of the Colombo Family.  On February 26, 2003, Joel J. Cacace, Sr.

was indicted in the Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c);

RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C.

§ 1341.  *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On August

13, 2004, Joel J. Cacace, Sr. pled guilty to violation of RICO, 18 U.S.C. § 1962(c), in a separate

murder/extortion case.  *United States v. Cacace, Sr.*,  Cr. No. 03 072 (S-4) (E.D.N.Y.) (Johnson,

J.).

            b.      John J. DeRoss, also known as "Jackie," was a soldier, a captain or

the underboss of the Colombo Family.  On February 26, 2003, John J. DeRoss was indicted in

the Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy,

18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. § 1341.  *United*

*States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.).  On October 12, 2004,

John J. DeRoss pled guilty to a criminal information charging violation of RICO, 18 U.S.C.

§ 1962(c).

            c.      Vincent Ricciardo was a soldier in the Colombo Family.  On

February 26, 2003, Vincent Ricciardo was indicted in the Eastern District of New York for

violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion

conspiracy, 18 U.S.C. § 1951; and gambling, 18 U.S.C. § 1955.  *United States v. Joel J. Cacace,*

*Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.).  On October 12, 2004, Vincent Ricciardo pled

guilty to a criminal information charging violation of RICO, 18 U.S.C. § 1962(c).

            d.      Joel J. Cacace, Jr.,  also  known as "Jo Jo," was an associate of the

Colombo Family and  a member of Local 14.  On February 26, 2003, Joel J. Cacace, Jr. was

indicted in the Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion conspiracy,18 U.S.C. § 1951; and mail fraud, 18 U.S.C. § 1341. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On October 1, 2003, Joel J. Cacace, Jr. pled guilty to violation of RICO, 18 U.S.C. § 1962.

        e.     Jack J. DeRoss, also known as "John," was an associate of the Colombo Family and a member of Local 15.   On February 26, 2003, Jack J. DeRoss was indicted in the Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; unlawful receipt of labor payments, 29 U.S.C. § 186; and mail fraud, 18 U.S.C. § 1341. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On October 1, 2003, Jack J. DeRoss pled guilty to violation of RICO, 18 U.S.C. § 1962(c).

        f.     Lawrence A. Persico was an associate of the Colombo Family and a member of Local 14.   On February 26, 2003, Lawrence A. Persico was indicted in the Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. § 1341. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On October 12, 2004, Lawrence A. Persico pled guilty to violation of RICO, 18 U.S.C. 1962(c). *United States v. Joel J. DeRoss*, Cr. No. 03-191 (S-3) (E.D.N.Y.) (Johnson, J.).

        g.     Paul J. Buckley was an associate of the Colombo Family.   On February 26, 2003, Paul J. Buckley was indicted in the Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; gambling, 18 U.S.C. § 1951; and violent

crimes in aid of racketeering, 18 U.S.C. § 1959. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On October 12, 2004, Paul J. Buckley pled guilty to violation of RICO, 18 U.S.C. § 1962(c). *United States v. Joel J. DeRoss*, Cr. No. 03-191 (S-3) (E.D.N.Y.) (Johnson, J.).

        h.      Emil Gary Clemente was an associate of the Colombo Family and the principal of E.G. Clemente Contracting Corp. On February 26, 2003, Emil Gary Clemente was indicted in the Eastern District of New York for mail fraud, 18 U.S.C. § 1341; and conspiracy to defraud the United States, 18 U.S.C. § 371. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On December 3, 2003, Emil Gary Clemente was also charged with violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); and making unlawful labor payments, 29 U.S.C. § 186. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (S-2) (E.D.N.Y.) (Johnson, J.). On October 12, 2004, Emil Gary Clemente pled guilty to unlawful labor payments, 29 U.S.C. § 186(a)(2). *United States v. Joel J. DeRoss*, Cr. No. 03-191 (S-3) (E.D.N.Y.) (Johnson, J.).

        i.      Jamie T. DeRoss was an associate of the Colombo Family and a member of Local 14. On February 26, 2003, Jamie T. DeRoss was indicted in the Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. §1951; and mail fraud, 18 U.S.C. § 1341. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On October 1, 2003, Jamie T. DeRoss pled guilty to an information charging extortion, 18 U.S.C. § 1951.

        j.      Richard J. Troy was an associate of the Gambino Family and a

member of Local 14.   On February 26, 2003, Richard J. Troy was indicted in the Eastern District

of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C.

§ 1962(d); mail fraud, 18 U.S.C. § 1341; and unlawful receipt of labor payments, 29 U.S.C. §

186. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On June 4,

2003, Richard J. Troy also was charged with conspiracy to defraud the United States, 18 U.S.C. §

371. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (S-1) (E.D.N.Y.) (Johnson, J.). On

September 26, 2003, Richard J. Troy pled guilty to mail fraud, 18 U.S.C. § 1341; and conspiracy

to defraud the United States, 18 U.S.C. § 371.

   k. Joseph Coriasco was a business agent of Local 14.   On February

26, 2003, Joseph Coriasco was indicted in the Eastern District of New York for violation of

RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); mail fraud, 18 U.S.C.

§ 1341; and unlawful receipt of labor payments, 29 U.S.C. § 186.   *United States v. Joel J.*

*Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.).  On June 4, 2003, Joseph Coriasco was

also charged with extortion, 18 U.S.C. § 1951; conspiracy to defraud the United States, 18

U.S.C. § 371; and making a false tax return, 26 U.S.C. § 7206. *United States v. Joel J. Cacace,*

*Sr.*, Cr. No. 03-191 (S-1)(E.D.N.Y.) (Johnson, J.).  On October 1, 2003, Joseph Coriasco pled

guilty to violating RICO, 18 U.S.C. § 1962(c).

   l. Richard J. Coriasco was a business agent of Local 14.   Before

becoming a business agent, at certain construction sites in the New York City area ("Job Sites"),

Richard J. Coriasco was a "Master Mechanic," designated by Local 14 to oversee each Job Site

as it affected Local 14 members. On February 26, 2003, Richard Coriasco was indicted in the

Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18

U.S.C. § 1962(d); mail fraud, 18 U.S.C. § 1341; and unlawful receipt of labor payments, 29

U.S.C. § 186. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On

June 4, 2003, Richard Coriasco also was charged with additional counts of unlawful receipt of

labor payments, 29 U.S.C. § 186; and acts of receipt of labor bribes, New York State Penal Law

§ 180.25. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (S-1)(E.D.N.Y.) (Johnson, J.). On

September 26, 2003, Richard J. Coriasco pled guilty to violation of RICO, 18 U.S.C. § 1962(c).

        m.     Daniel J. Murphy was a business agent of Local 15. On June 4,

2003, Daniel J. Murphy was indicted in the Eastern District of New York for violation of RICO,

18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); unlawful receipt of labor payments,

29 U.S.C. § 186; mail fraud, 18 U.S.C. § 1341; conspiracy to defraud the United States, 18

U.S.C. § 371; and acts of receipt of labor bribes, New York States Penal Law 180.25. *United*

*States v. Joel J. Cacace*, Cr. No. 03-191 (S-1)(E.D.N.Y.) (Johnson, J.). On December 3, 2003,

Daniel J. Murphy was charged with additional counts of unlawful labor payments, 29 U.S.C.

§ 186. *United States v. John J. DeRoss*, Cr. No. 03-191 (S-2)(E.D.N.Y.) (Johnson, J.). On

November 8, 2004, Daniel J. Murphy pled guilty to violation of RICO, 18 U.S.C. § 1962(c).

        n.     James F. Coyle was a member of Local 14. At certain Job Sites,

James F. Coyle was a "Master Mechanic," designated by Local 14 to oversee each Job Site as it

affected Local 14 members. On February 26, 2003, James F. Coyle was indicted in the Eastern

District of New York for unlawful receipt of labor payments, 29 U.S.C. § 186; and mail fraud, 18

U.S.C. § 1341. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.).

On October 1, 2003, James F. Coyle pled guilty to violation of RICO, 18 U.S.C. § 1962(c).

        o.     Ralph Garguilo was a member of Local 14. At certain Job Sites,

Ralph Garguilo was a "Master Mechanic," designated by Local 14 to oversee each Job Site as it affected Local 14 members. On February 21, 2003, Ralph Garguilo pled guilty to an information charging unlawful labor payments, 29 U.S.C. § 186; and conspiracy to defraud the United States, 18 U.S.C. § 371.

        p.     James G. O'Connor was a member of Local 14. At certain Job Sites, James G. O'Connor was a "Master Mechanic," designated by Local 14 to oversee each Job Site as it affected Local 14 members. On July 14, 2004, James G. O'Connor was charged in a criminal complaint with mail fraud, 18 U.S.C. § 1341. *United States v. O'Connor*, Cr. 05-647 (E.D.N.Y.)(Johnson, J.). On October 19, 2005, James G. O'Connor pled guilty to an information charging mail fraud, 18 U.S.C. § 1341.

        q.     Nicholas Lupari was a member of Local 14. On February 26, 2003, Nicolas Lupari was indicted in the Eastern District of New York for mail fraud, 18 U.S.C. § 1341. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On October 1, 2003, Nicholas Lupari pled guilty to mail fraud, 18 U.S.C. § 1341.

        r.     Thomas P. McGuire was the President and Business Manager at Local 15. On December 3, 2003, Thomas P. McGuire was indicted in the Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c), RICO conspiracy, in violation of 18 U.S.C. § 1962(d); unlawful receipt of labor payments, 29 U.S.C. § 186; and acts of receipt of labor bribes, New York State Penal Law 180.25. *United States v. John J. DeRoss, Sr.*, Cr. No. 03-191 (S-2) (E.D.N.Y.) (Johnson, J.). On November 8, 2004, Thomas P. McGuire pled guilty to unlawful receipt of labor payments, 29 U.S.C. § 186(a)(1). *United States v. Thomas P. Maguire*, Cr. No. 03-191 (S-6)(E.D.N.Y.) (Johnson, J.).

s.      Thomas G. McNamara was a business agent of Local 15.  On February 26, 2003, Thomas G. McNamara was indicted in the Eastern District of New York for mail fraud, 18 U.S.C. § 1341; and unlawful receipt of labor payments,  29 U.S.C. § 186.  *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.).  On June 4, 2003, Thomas G. McNamara was charged with additional counts of unlawful receipt of labor payments, 29 U.S.C. § 186, and mail fraud, 18 U.S.C. § 1341.  Thomas G. McNamara was also charged with conspiracy to defraud the United States, 18 U.S.C. § 371; and filing a false tax return, 26 U.S.C. § 7206.  *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (S-1) (E.D.N.Y.) (Johnson, J.).  On December 3, 2003, Thomas G. McNamara was charged with additional counts of unlawful labor payments,  29 U.S.C. § 186.  *United States v. Jamie J. DeRoss*, Cr. No. 03-191 (S-2) (E.D.N.Y.) (Johnson, J.).  On October 14, 2004, Thomas G. McNamara also was charged with violation of RICO, 18 U.S.C. § 1962(c); and RICO conspiracy, 8 U.S.C. § 1962(d).  *United States v. Thomas P. Maguire*, Cr. No. 03-191 (S-6)(E.D.N.Y.) (Johnson, J.).  On November 8, 2004, Thomas G. McNamara  pled guilty to violation of  RICO, 18 U.S.C. § 1962(c).

t.      Raymond Geraghty was a Business Agent of Local 15.  On December 3, 2003, Raymond Geraghty was indicted in the Eastern District of New York for unlawful receipt of labor payments, 29 U.S.C. § 186.  *United States v. John J. DeRoss, Sr.*, Cr. No. 03-191 (S-2) (E.D.N.Y.) (Johnson, J.).  On April 27, 2004, Raymond Geraghty pled guilty to unlawful receipt of labor payments, 29 U.S.C. § 186.

u.      Anthony F. Polito was a member of Local 15.  At certain Job Sites, Anthony F. Polito was a  "Maintenance Foreman," designated by Local 15 to oversee each Job Site as it affected Local 15 members.  On February 26, 2003, Anthony Polito was indicted in the

11

Eastern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18

U.S.C. § 1962(d); mail fraud, 18 U.S.C. § 1341; and unlawful receipt of labor payments, 29

U.S.C. § 186. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.) (Johnson, J.). On

June 4, 2003, Anthony Polito was charged with additional counts of mail fraud, 18 U.S.C.

§ 1341, and unlawful receipt of labor payments, 29 U.S.C. § 186. Polito was also charged with

extortion, 29 U.S.C. § 1951; and conspiracy to defraud the United States, 18 U.S.C. § 371.

*United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (S-1) (E.D.N.Y.) (Johnson, J.). On October

1, 2003, Anthony Polito pled guilty to RICO, 18 U.S.C. § 1962(c); and conspiracy to defraud the

United States, 18 U.S.C. § 371.

    v.  Anthony Quaranta was member of Local 15. At certain Job Sites,

Anthony Quaranta was a "Maintenance Foreman" designated by Local 15 to oversee each Job

Site as it affected Local 15 members. On February 26, 2003, Anthony Quaranta was indicted in

the Eastern District of New York for unlawful receipt of labor payments, 29 U.S.C. § 186; and

mail fraud, 18 U.S.C. § 1341. *United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191 (E.D.N.Y.)

(Johnson, J.). On November 8, 2004, Anthony Quaranta pled guilty to mail fraud, 18 U.S.C.

§ 1341.

    w.  Sean Kilcullen was a member of Local 15. At certain Job Sites,

Sean Kilcullen was a "Maintenance Foreman" designated by Local 15 to oversee each Job Site as

it affected Local 15 members. On February 26, 2003, Sean Kilcullen was indicted in the Eastern

District of New York for mail fraud, 18 U.S.C. § 1341. *United States v. Joel J. Cacace, Sr.*, Cr.

No. 03-191 (E.D.N.Y.) (Johnson, J.). On September 26, 2003, Sean Kilcullen pled guilty to mail

fraud, 18 U.S.C. § 1341.

x.     Vito Volpicielli was a member of Local 15.  On June 10, 2003, Vito Vopicelli pled guilty to unlawful receipt of labor payments, 29 U.S.C. § 186; and mail fraud, 18 U.S.C. § 1341.  *United States v. Vito Volpicielli*, Cr. No. 03-660 (E.D.N.Y.) (Johnson, J.).

12.     The following individuals were charged with crimes and convicted in *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.) (a copy of the Indictment in *Muscarella* is annexed hereto as Exhibit B and the allegations set forth in the Indictment are incorporated herein):

a.     Ernest Muscarella, also known as "Ernie," was a captain or a member of the ruling administration of the Genovese Family.  On February 24, 2003, Ernest Muscarella was indicted in the Southern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; and extortion conspiracy, 18 U.S.C. § 1951.  *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On May 8, 2003, Ernest Muscarella pled guilty to RICO, 18 U.S.C. § 1962; RICO conspiracy, 18 U.S.C. § 1962; extortion, 18 U.S.C. § 1951; and extortion conspiracy, 18 U.S.C. § 1951.

b.     Louis Moscatiello was a soldier in the Genovese Family.  On February 24, 2003, Louis Moscatiello was indicted in the Southern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; unlawful receipt of labor payments,  29 U.S.C. § 186; and mail fraud, 18 U.S.C. §§ 1341 and 1346.  *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On October 12, 2004, Louis Moscatiello pled guilty to

violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and conspiracy to defraud the United States, 18 U.S.C. § 371.

    c.  Pasquale Deluca was a soldier in the Genovese Family. On February 24, 2003, Pasquale Deluca was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On October 8, 2004, Pasquale Deluca was convicted of extortion conspiracy, 18 U.S.C. § 1951.

    d.  Carl Carrara, Sr. was an associate of the Genovese Family. At certain Job Sites, Carl Carrara, Sr. was a "Master Mechanic," designated by Local 14 to oversee each Job Site as it affected Local 14 members. On February 24, 2003, Carl Carrara, Sr. was indicted in the Southern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; mail fraud, 18 U.S.C. §§ 1341 and 1346; unlawful receipt of labor payments, 29 U.S.C. § 186; conspiracy to commit HUD mortgage insurance fraud, 18 U.S.C. § 371; and use of extortionate means to collect extension of credit, 18 U.S.C. § 894. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On June 18, 2004, Carl Carrara, Sr. pled guilty to violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951; and extortion conspiracy, 18 U.S.C. § 1951.

    e.  Morris DiMinno, also known as "Mickey" and "Fatso," was a member of Local 14. At certain Job Sites, Morris DiMinno was a "Master Mechanic," designated by Local 14 to oversee each Job Site as it affected Local 14 members. On February

24, 2003, Morris DiMinno was indicted in the Southern District of New York for violation of

RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18 U.S.C. § 1951;

mail fraud, 18 U.S.C. §§ 1341 and 1346; unlawful receipt of labor payments, 29 U.S.C. § 186;

unlawfully receiving money to influence the operation of an employee benefit plan, 18 U.S.C.

§ 1954; theft of union property, 29 U.S.C. § 501; and acts of bribery, New York State Public

Law 180.10, 180.15, and 180.25. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.)

(Buchwald, J.). On May 15, 2004, Morris DiMinno pled guilty to violating RICO, 18 U.S.C. §

1962; RICO conspiracy, 18 U.S.C. § 1962; and extortion conspiracy, 18 U.S.C. § 1951.

        f.     Biagio Nicchia, also known as "Blaze," was an associate of the

Genovese Family. Biagio Nicchia is the stepson of Ernest Muscarella and a member of Local 14.

On February 24, 2003, Biagio Nicchia was indicted in the Southern District of New York for

violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion, 18

U.S.C. § 1951; and extortion conspiracy, 18 U.S.C. § 1951. *United States v. Muscarella*, No. 03

Crim. 229 (S.D.N.Y.) (Buchwald, J.). On November 30, 2004, Biagio Nicchia pled guilty to

conspiracy to commit extortion, 18 U.S.C. § 1951.

        g.     Francis Gray was the President of Local 14. On September 14,

2004, Francis Gray waived indictment and pled guilty to conspiracy to defraud the United States,

18 U.S.C. § 371; mail fraud, 18 U.S.C.§§ 1341 and 1346; unlawful receipt of labor payments by

a union official, 29 U.S.C. § 186; and making false statements, 18 U.S.C. § 1001.

        h.     Joseph Rizzuto, Sr. was the Business Manager for Local 14. On

February 24, 2003, Joseph Rizzuto, Sr. was indicted in the Southern District of New York for

violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion

conspiracy, 18 U.S.C. § 1951; unlawful receipt of labor payments, 29 U.S.C. § 186; mail fraud, 18 U.S.C. §§ 1341 and 1346; and theft of union property, 29 U.S.C. § 501(c). The indictment further alleged that he received bribes in violation of New York Public Law 180.10, 180.15, and 180.25. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On August 12, 2004, Joseph Rizzuto, Sr., pled guilty to conspiracy to defraud the United States, 18 U.S.C. §371; mail fraud, 18 U.S.C.§§ 1341 and 1346; and unlawful receipt of labor payments by a union official, 29 U.S.C. § 186.

        i.      Joseph Rizzuto, Jr. was the Business Manager for Local 14. Joseph Rizzuto, Jr. succeeded his father, Joseph Rizzuto, Sr., in that position. On February 24, 2003, Joseph Rizzuto, Jr. was indicted in the Southern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion conspiracy, 18 U.S.C. § 1951; mail fraud, 18 U.S.C. §§ 1341 and 1346; unlawful receipt of labor payments, 29 U.S.C. § 186; unlawfully receiving money to influence the operation of an employee benefit plan, 18 U.S.C. § 1954; and theft of union property, 29 U.S.C. § 501. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On August 12, 2004, Joseph Rizzuto, Jr. pled guilty to conspiracy to defraud the United States, 18 U.S.C. § 371; mail fraud,18 U.S.C. §§ 1341 and 1346; and unlawful receipt of labor payments by a union official, 29 U.S.C. § 186.

        j.      Steven Skinner was a business agent of Local 14. On February 24, 2003, Steven Skinner was indicted in the Southern District of New York for violation of RICO, 18 U.S.C. § 1962(c); RICO conspiracy, 18 U.S.C. § 1962(d); extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On August 19, 2004, Steven Skinner pled guilty to conspiracy to

defraud the United States, 18 U.S.C. § 371; mail fraud, 18 U.S.C. §§ 1341 and 1346; and unlawful receipt of labor payment, 29 U.S.C. § 186.

k.      Carl Carrara Jr., was a member of Local 14.   On February 24, 2003, Carl Carrara, Jr. was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On March 14, 2005, Carl Carrara Jr. pled guilty to extortion conspiracy, 18 U.S.C. § 1951.

l.      Steven Santucci was a member of Local 14.   On February 24, 2003, Steven Santucci was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On November 30, 2004, Steven Santucci pled guilty to extortion conspiracy, 18 U.S.C. § 1951.

m.      Pasquale Inglese was a member of Local 14.   On February 24, 2003,  Pasquale Inglese was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On November 30, 2004, Pasquale Inglese pled guilty to extortion conspiracy, 18 U.S.C. § 1951.

n.      Louis Inglese, Jr. was a member of Local 14.   On February 24, 2003, Louis Inglese, Jr. was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On November 30, 2004, Louis Inglese, Jr. pled guilty to extortion conspiracy, in violation of 18 U.S.C. § 1951.

o.     Anthony Carollo, Jr. was a member of Local 14.  On February 24, 2003, Anthony Carollo, Jr. was indicted in the Southern District of New York for extortion,  18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On January 10, 2005, Anthony Carollo, Jr. pled guilty to extortion conspiracy, 18 U.S.C. § 1951.

p.     Raffaele Romania was a member of Local 14.  On February 24, 2003, Raffaele Romania was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On January 10, 2005, Raffaele Romania pled guilty to extortion conspiracy, 18 U.S.C. § 1951.

q.     William Duffy was a member of Local 14 and an associate of the Gambino Family.  On February 24, 2003, William Duffy was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On January 10, 2005, William Duffy pled guilty to extortion conspiracy, 18 U.S.C. § 1951.

r.     James Mascarella was a member of Local 14.  At times, James Mascarella was a "Master Mechanic" designated by Local 14 to oversee each Job Site as it affected Local 14 members.  On February 24, 2003, James Mascarella was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On January 10, 2005, James Mascarella pled guilty to extortion

conspiracy, 18 U.S.C. § 1951.

      s.     Gary Lombardi was a member of Local 14.  On February 24, 2003,

Gary Lombardi was indicted in the Southern District of New York for extortion, 18 U.S.C.

§ 1951; and extortion conspiracy, 18 U.S.C. § 1951.  *United States v. Muscarella*, No. 03 Crim.

229 (S.D.N.Y.) (Buchwald, J.).  On November 30, 2004, Gary Lombardi pled guilty to extortion,

18 U.S.C. § 1951.

      t.     Aldo Gallo was a member of Local 14.  On February 24, 2003,

Aldo Gallo was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951;

extortion conspiracy, 18 U.S.C. § 1951; unlawfully receiving money to influence the operation of

an employee benefit plan, 18 U.S.C. § 1954; theft of union property, 29 U.S.C. § 501; and mail

fraud, 18 U.S.C. §§ 1341 and 1346.  *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.)

(Buchwald, J.).  On October 27, 2004, Aldo Gallo pled guilty to mail fraud, 18 U.S.C. §§ 1341

and 1346.

      u.     John Ruggerio was a Business Agent of Local 15.  On February 24,

2003, John Ruggerio was indicted in the Southern District of New York for extortion, 18 U.S.C.

§ 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346.

*United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On October 21, 2004,

John Ruggerio pled guilty to conspiracy to defraud the United States, 18 U.S.C. § 371; mail

fraud, 18 U.S.C.§§ 1341 and 1346; and unlawful receipt of labor payments, 29 U.S.C. § 186.

      v.     Brian Falco as a member of Local 15.  On February 24, 2003,

Brian Falco was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951;

extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346.  *United*

*States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On August 24, 2004, Brian

Falco pled guilty to mail fraud, 18 U.S.C. §§ 1341 and 1346.

    w.  Frank Rappacoli was a member of Local 14.  On February 24,

2003, Frank Rappacoli was indicted in the Southern District of New York for extortion, 18

U.S.C. § 1951; extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and

1346. *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.).  On August 30,

2004, Frank Rappacoli pled guilty to mail fraud, 18 U.S.C. §§ 1341 and 1346.

    x.  Gene Panessa was a member of Local 14.  On February 24, 2003,

Gene Panessa was indicted in the Southern District of New York for extortion, 18 U.S.C. § 1951;

extortion conspiracy, 18 U.S.C. § 1951; and mail fraud, 18 U.S.C. §§ 1341 and 1346. *United*

*States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald, J.). On January 10, 2005, Gene

Panessa pled guilty to mail fraud, 18 U.S.C. §§ 1341 and 1346.

    13.  The following individuals were charged with crimes and convicted in

*United States v. Guerino Cavaliere*, No. 04 Crim. 1320 (S.D.N.Y.) (Rakoff, J.),*United States of*

*America v. Edward Simpson*, No. 04 Crim. 1319 (S.D.N.Y.)  (Mukasey, J.); *United States v Peter*

*Ruttura*, 04 Crim. 1318 (S.D.N.Y.) (Kaplan, J.); and *United States v. Tomassetti*, No. 04 Crim.

01317 (S.D.N.Y.) (Riece, J.) (copies of the Indictments in these cases are annexed as Exhibit C

and the allegations set forth in the Indictments are incorporated herein :

    a.  Edward Simpson owned Nab Construction Corporation, a company

that employed members of Locals 14 and 15.  On December 13, 2004, Edward Simpson was

indicted in the Southern District of New York for mail fraud, 18 U.S.C. §§ 1341 and 1346;

making unlawful labor payments to officials and employees of Local 14 and 15, 29 U.S.C. § 186;

and conspiracy to defraud the United States, 18 U.S.C. § 371. *United States of America v. Edward Simpson*, No. 04 Crim. 1319 (S.D.N.Y.) (Mukasey, J.). On September 27, 2005, Edward Simpson pled guilty to making unlawful labor payments, 29 U.S.C. § 186.

b.      Guerino Cavaliere owned Acme Skillman Construction Co., Inc., a company that employed members of Locals 14 and 15. On December 13, 2004, Guerino Cavaliere was indicted in the Southern District of New York for mail fraud, 18 U.S.C. §§ 1341 and 1346; making unlawful labor payments to officials and employees of Local 14 and 15, 29 U.S.C. § 186; and conspiracy to defraud the United States, 18 U.S.C. § 371. *United States v. Guerino Cavaliere*, No. 04 Cr. 1320 (S.D.N.Y.) (Rakoff, J). On May 24, 2005, Guerino Cavaliere pled guilty to an information charging that he made unlawful labor payments to officers and employees of Locals 14 and 15, 29 U.S.C. § 186.

c.      Peter Ruttura owned Ruttura and Sons, a company that employed members of Locals 14 and 15. On December 13, 2004, Peter Ruttura was indicted in the Southern District of New York for mail fraud, 18 U.S.C. §§ 1341 and 1346; making unlawful labor payments to officials and employees of Local 14 and 15, 29 U.S.C. § 186; and conspiracy to defraud the United States, 18 U.S.C. § 371. *United States v Peter Ruttura*, No. 04 Crim. 1318 (S.D.N.Y.) (Kaplan, J.). On July 13, 2005, Peter Ruttura pled guilty to mail fraud, 18 U.S.C. §§ 1341 and 1346; and making unlawful labor payments, 18 U.S.C. § 371.

d.      Dino Tomassetti owned Laquila Construction Inc., a company that employed members of Locals 14 and 15. On December 15, 2004, Dino Tomassetti was indicted in the Southern District of New York for mail fraud, §§ 1341 and 1346; unlawful labor payments to officials and employees of Local 14 and 15, 29 U.S.C. § 186; and conspiracy to defraud the

21

United States, 18 U.S.C. § 371. *United States v. Tomassetti*, No. 04 Crim. 01317 (S.D.N.Y.)

(Riece, J.). On April 10, 2007, Dino Tomassetti pled guilty to making unlawful labor payments,

29 U.S.C. § 186.

## THE ENTERPRISE

14.     At all times relevant to this Complaint, certain members and associates of

the Colombo and Genovese Families, the Colombo and Genovese Families themselves, acting

through those members and associates, Locals 14 and Local 15, certain former officials and

employees of Local 14 and 15, Local 14's annuity, welfare and pension funds, Local 15's annuity,

welfare, pension and vacation funds, and certain employers who employ members of Locals 14

and 15, have collectively constituted an enterprise, as defined in 18 U.S.C. § 1961(4) (the

"Enterprise"), that is, a group of individuals and entities associated in fact. The Enterprise

constituted an ongoing organization whose members functioned as a continuing unit for a

common purpose of achieving the objectives of the Enterprise. The Enterprise was engaged in,

and its activities affected, interstate and foreign commerce.

## B.     Individuals Participating In the Operation and Management of The Enterprise

15.     The following individuals, as well as others known and unknown,

participated in the operation and management of the enterprise and were leaders of the Enterprise

who directed other members of the Enterprise in carrying out unlawful and other activities in

furtherance of the conduct of the Enterprise's affairs: Joel J. Cacace, Sr., Joel J. Cacace, Jr., John

J. DeRoss, Jack J. DeRoss, Jamie T. DeRoss, Lawrence A. Persico, Vincent Ricciardo, Paul J.

Buckley, Joseph Coriasco, Richard J. Coriasco, Anthony F. Polito, James F. Coyle, Richard J.

Troy, Daniel J. Murphy, Thomas G. McNamara, Ernest Muscarella, Louis Moscatiello, Carl

Carrara, Sr., Morris Diminno, Joseph Rizzuto, Sr., Joseph Rizzuto, Jr., Steven Skinner, Charles

J. Panarella, Thomas P. McGuire, and Emil G. Clemente (hereinafter, the "RICO Conspirators").

16.    The RICO Conspirators and others used the Enterprise to exercise corrupt

control of labor and businesses operating in the construction industry in New York City.

## CLAIM FOR RELIEF
### (Conspiracy to Violate 18 U.S.C. § 1962)

17.    The United States repeats and realleges the allegations set forth in the

paragraphs 1 through 16.

18.    Since at least 1981, in the Eastern District of New York and elsewhere, the

RICO conspirators, together with others known and unknown, and Local 14, acting through

certain of its officers, agents, and representatives, being persons employed by and associated with

the Enterprise which was engaged in, and the activities of which affected, interstate and foreign

commerce, knowingly and intentionally combined, conspired, confederated, and agreed to

commit an offense against the United States to wit: to violate 18 U.S.C. § 1962(c), that is, to

conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise

through a pattern of racketeering activity, consisting of multiple acts indictable under the

following sections:

(A) 18 U.S.C. § 1951 (extortion);

(B) 18 U.S.C. §§ 1341  and 1346 (mail fraud);

(C) 29 U.S.C. § 186 (unlawful receipt of payments);

(D) 29 U.S.C. § 501(c) (embezzlement);

and multiple acts involving

(E) bribery in violation of New York State Penal Law §§ 180.10, 180.15,

23

180.25.

19.    It was part of the conspiracy that each RICO Conspirator, and Local 14,

acting through certain of its officers, agents, and representatives, agreed that a conspirator would

commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

20.    There has been, and there is, an ongoing threat of violations of 18 U.S.C.

§§ 1962(c) and 1962(d) involving Local 14.

WHEREFORE, the United States of America demands, pursuant to 18 U.S.C. §

1964(a), the following relief:

A.    A permanent injunction enjoining Local 14, and all of its current and

future officers, agents, representatives, employees, and members from:

    i.    engaging in conduct which constitutes or furthers an act of racketeering activity, as enumerated or defined in 18 U.S.C. § 1961;

    ii.    knowingly associating with any member, associate, or other individual involved with an organized criminal group, or knowingly associating with any person enjoined from participating in union affairs or the affairs of the employee pension benefit and employee welfare benefit funds;

    iii.    obstructing the work of the Court-appointed Ethical Practices Attorney or the Hearing Officer described herein or the implementation of any other relief that may be imposed in this case; and

    iv.    knowingly permitting, aiding or abetting any member or associate of the LCN, or any other organized criminal group, to exercise control or influence in the conduct of Local 14's affairs;

B.    The appointment of an Ethical Practices Attorney to investigate, gather

evidence and commence disciplinary proceedings; review appointments, reports, expenditures,

and contracts; recover assets; review, reject and/or modify election rules as proposed by Local 14

24

and oversee and monitor elections; review, reject and/or modify job referral rules as proposed by

Local 14; and educate members and take such other action as may be necessary to eliminate the

potential influence of corruption from Local 14;

        C.      The appointment of a Hearing Officer who shall have the authority to hear

evidence and render decisions in disciplinary proceedings commenced by the Ethical Practices

Attorney and make such other decisions concerning recommendations made by the Ethical

Practices Attorney;

        D.      An injunction enjoining Local 14 from holding elections until such time as

the Ethical Practices Attorney and the Court determines that fair and untainted elections can be

held;

        E.      The institution of revised election rules and procedures;

        F.      The institution of revised membership procedures;

        G.      The institution of written job referral rules;

        H.      Appropriate amendments to Local 14's Bylaws and implementation of an

Ethical Practices Code; and

        I.      All other relief as this Court deems just and necessary.

Dated:      Brooklyn, New York
           July 25, 2008

                             BENTON J. CAMPBELL
                             United States Attorney
                             Eastern District of New York
                             271 Cadman Plaza East
                             Brooklyn, New York 11201

              By:                                     
                             RICHARD K. HAYES
                             Assistant U.S. Attorney
                             (718) 254-6050