FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ~D. N.Y:

★ AUG 1 1 2008 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

    -against-

LOCAL 14-14B OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS,
AFL-CIO,

        Defendant.
------------------------------------------------------X

**CONSENT DECREE AND JUDGMENT**

Civil Action No. 08-3046

(Johnson, J.)

(Azrack, M.J.)

WHEREAS, plaintiff United States of America ("United States") commenced this

lawsuit on July 25, 2008, by filing a complaint pursuant to the Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), against Local 14-14B ("Local 14") of the

International Union of Operating Engineers (the "IUOE"), seeking civil remedies pursuant to 18

U.S.C. § 1964; and

WHEREAS, for some time, the construction industry in New York City has been

infiltrated, controlled, influenced and corrupted by La Cosa Nostra ("LCN") families; and

WHEREAS, the United States has alleged that since at least 1981, two LCN families, the

Columbo and Genovese Organized Crime Families, have exercised corrupt influence within

Local 14; and

WHEREAS, twenty-six (26) officers, representatives and members of Local 14 have

been convicted of labor racketeering, *see United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191

(E.D.N.Y.) (Johnson, J.); *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald,

J.); and

WHEREAS, prior to the commencement of this action, in response to the indictments

in *Cacace* and *Muscarella*, the IUOE and Local 14 undertook several steps to address the issue of corrupt influence within Local 14; and

WHEREAS, the steps taken by Local 14 included, but were not limited to, a retesting program administered to the membership of Local 14B by an independent, third-party entity which certified the results of each member's backhoe performance precision excavating practical examination and resulted in certain work limitations being applied to those members of Local 14B who failed any of the skills evaluated in accordance with this retesting program; and

WHEREAS, the United States acknowledges that Local 14 represents that it has revised, memorialized and computerized its job referral process; and

WHEREAS, the IUOE has entered into a separate agreement with the United States which guarantees that the IUOE will assist Local 14, if necessary, in funding an escrow account, as defined in Section VI.C.1., *infra*, for the payment of the compensation and expenses of the Ethical Practices Attorney and Hearing Officer; and

WHEREAS, the United States and Local 14 recognize that additional steps need to be taken to assure that their mutual goal of eliminating the potential for corrupt influence within Local 14 is achieved; and

WHEREAS, the primary purpose of Local 14 is to serve as an effective bargaining agent and representative of its membership; and

WHEREAS, the United States and Local 14 have agreed to the entry of this Consent Decree and Judgment ("Consent Decree") in order to eradicate Corruption (as defined herein) and any organized crime influence within Local 14 while preserving the Local's strength and autonomy as the bargaining agent and representative of its membership; and

2

WHEREAS, the United States and Local 14 understand and agree that Local 14's delegation of authority to the court-appointed officers (as referenced *infra*) to conduct disciplinary proceedings and take disciplinary action includes the full extent of authority that Local 14 has under the IUOE Constitution, including but not limited to Article XXIV of the IUOE Constitution and Local 14's By-Laws, including but not limited to Articles II and VIII of the By-Laws, including the authority that Local 14 has to conduct disciplinary proceedings and take disciplinary action against members of Local 14, the IUOE or any other IUOE local union for conduct constituting Corruption (as defined at Section II.C., *infra*) concerning Local 14; and

WHEREAS, the United States, and Local 14 wish to settle this litigation, pursuant to the terms of this Consent Decree.

## IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I.      JURISDICTION.

A.      The United States District Court for the Eastern District of New York (hereinafter, the "District Court") has jurisdiction over this action pursuant 18 U.S.C. § 1964(a).

B.      For the purposes of this Consent Decree, and the enforcement of the terms of this Consent Decree, Local 14 consents to the District Court's exercise of jurisdiction.  To aid and protect the jurisdiction of the District Court, any claim, action, application or other proceeding concerning any provision of this Consent Decree shall be brought before, or removed to, the District Court.

C.      The District Court shall retain exclusive jurisdiction to supervise implementation of this Consent Decree and shall have exclusive jurisdiction to decide any and all issues arising under this Consent Decree.

D.      This Consent Decree is binding upon all persons who have or may have any

connection to Local 14, including but not limited to current and future officers, agents, employees, representatives, members and persons holding positions of trust in Local 14.

II.   UNDERLINE DEFINITIONS.

A.   "Ethical Practices Attorney" shall refer to the Ethical Practices Attorney whose powers and duties are set forth in Section IV.B. herein.

B.   "Hearing Officer" shall refer to the Hearing Officer whose powers and duties are set forth in Section V.B. herein.

C.   "Corruption" shall include, but not be limited to:

(1)   Engaging in conduct which constitutes or furthers an act of racketeering as enumerated or defined in 18 U.S.C. § 1961 (1);

(2)   Knowingly associating with any member, associate, or other individual involved with any organized criminal group, including any LCN family, or knowingly associating with any Barred Person;

(3)   Obstructing the work of the Court-appointed Ethical Practices Attorney and Hearing Officer, described herein, or the implementation of any other relief that may be imposed in this case;

(4)   Knowingly permitting, aiding or abetting any member or associate of the LCN, or any other organized criminal group, to exercise control or influence in the conduct of Local 14's affairs;

(5)   Any violation of federal or state law involving the operation of a "labor organization" as that term is defined in 29 U.S.C. § 402 (i) and (j) which could serve as the basis of a criminal charge under federal or state law;

(6)   Any violation of federal or state law involving an "employee welfare plan" or an "employee pension benefit plan" as those terms are defined in the Employee Retirement Income Security Act 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* which could serve as the basis of a criminal charge under federal or state law; and

(7)   Any act or inaction which furthers the influence of any organized criminal group.

D.   "Corruption Concerning Local 14" shall mean "Corruption," as defined herein:

(1) in which any officer, member or employee of the IUOE or any IUOE Local engages or participates involving all matters within the craft jurisdiction, governance, operation and/or administration of Local 14, including as provided for under the IUOE Constitution, Local 14 By-Laws, and Local 14 Charter; or
(2) in which any officer, member or employee of the IUOE or any IUOE Local engages or participates with any officer, member or employee of Local 14; or

4

(3) engaged in by any Local 14 officer, member, or employee regardless of whether the Corruption otherwise involves any matter within the craft jurisdiction, governance, operation and/or administration of Local 14, including as provided for under the IUOE Constitution, Local 14 By-Laws, and Local 14 Charter; and

which may take place outside Local 14's geographic or territorial jurisdiction.

E.    "Knowingly associating" shall mean that: (1) a person whose conduct is subject to the provisions of this Consent Decree knew or should have known that the person with whom he or she was associating is a Barred Person and (2) the association was more than fleeting or casual.  Nothing in this definition shall preclude a person whose conduct is subject to the provisions of this Consent Decree: (a) from meeting or communicating with a Barred Person who is an employer to discuss the negotiation, execution or management of a collective bargaining agreement, or a labor dispute, when the person whose conduct is subject to the provisions of this Consent Decree represents, seeks to represent, or would admit to membership the employees of that employer; (b) from meeting or communicating with a Barred Person who is a representative of a labor organization to discuss legitimate union matters; (c) from meeting or communicating with an officer, employee, or member of the IUOE and its affiliated entities; and (d) from meeting or communicating with a relative by blood or marriage for solely social purposes. As used in this paragraph, the term "relative" shall mean lineal descendent, stepchild, ancestor, sibling, or spouse or child of a lineal descendent, step child, ancestor, or sibling.  In all instances described in (a)-(d) of this paragraph, reasonable prior notice of such meeting or communication shall be provided to the Ethical Practices Attorney or, if prior notice is not practicable, such notice shall be provided within seven days following the meeting or communication.

F.    A "Barred Person" is: (1) any member or associate of any LCN family or any

5

other organized criminal group; or (2) any person prohibited from participating in the affairs of any labor organization, employee welfare benefit plan or pension benefit plan affairs.

G.    Local 14 is and was, at all times relevant hereto, a labor organization, as that term is defined in 29 U.S.C. §§ 402 (i) and (j), which represents employees of businesses engaged in industries affecting interstate and foreign commerce. Local 14 represents its membership in heavy construction and building construction industries within the five boroughs of New York City, including Brooklyn and Staten Island. Local 14's principal place of business is 141-57 Northern Boulevard, Flushing, New York 11354. Local 14 acts through its officers and Executive Board, the managing body of Local 14.

H.    IUOE is and was, at all times relevant hereto, a labor organization, as that term is defined in 29 U.S.C. §§ 402 (i) and (j) with members and constituent labor organizations, including Local Unions, District Councils, Local Joint Executive Boards, Local, State and Provincial Organizations, Junior and Assistant Engineers' Subdivisions, Registered Apprentice Engineers' Subdivisions, and Branch Engineers' Subdivisions, throughout the United States and Canada. The IUOE is affiliated with the AFL-CIO.

I.    "Local 14 Benefit Funds" shall mean Local 14's Annuity Fund, Pension Fund, Welfare Fund and Training Fund.

J.    This Consent Decree incorporates by reference all the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Rules for the United States District Courts for the Southern and Eastern Districts of New York.

III.    INJUNCTION AGAINST CERTAIN ACTIVITIES.

Local 14 and all of its current and future officers, agents, representatives, employees, and members (the "Enjoined Persons") are permanently enjoined from Corruption (as defined in

Section II.C., *supra*).

IV.   THE ETHICAL PRACTICES ATTORNEY.

    A.   Appointment of the Ethical Practices Attorney.

        1.   Within sixty (60) days of the parties' execution of this Consent Decree, the United States shall present to Local 14 a list of three candidates for the position of Ethical Practices Attorney. Thereafter, Local 14 shall have thirty (30) days to interview the candidates and to strike one of the three names proposed. The United States will then submit to the District Court the two or three remaining candidates along with their qualifications. Local 14 may file objections to any of the remaining candidates. The District Court shall appoint the Ethical Practices Attorney from among these remaining candidates or reject all of the remaining names and request a resubmission of names by the United States Attorney's Office in accordance with the foregoing provisions of this paragraph.

        2.   Any successor to the Ethical Practices Attorney shall be chosen in the same manner.

    B.   Powers and Duties of the Ethical Practices Attorney. The Ethical Practices Attorney shall exercise the powers and carry out the duties described below during his or her term of office:

        1.   General. To investigate, gather evidence and commence disciplinary proceedings; review appointments, reports, expenditures, and contracts; recover assets; review, reject and/or modify election rules as proposed by Local 14 and oversee and monitor elections; review, reject and/or modify job referral rules as proposed by Local 14; and educate members and take such other action as may be necessary to eliminate the influence of Corruption from Local 14;

        2.   Hiring. To hire, appoint, retain and discharge qualified legal counsel,

7

accountants, consultants, investigators, and any other personnel necessary to assist in the proper discharge of his or her powers and duties;

   3. <u>Expenses</u>. To expend the funds in the Escrow Account established pursuant to Section VI.C. for all expenses that are reasonable and necessary to execute the powers conferred upon the Ethical Practices Attorney;

   4. <u>Reporting</u>. To file with the District Court, and serve upon Local 14 and the United States Attorney's Office of the Eastern District of New York, a written report once every three (3) months, commencing after the Effective Date of this Consent Decree, concerning the following:

     a. The activities and progress of the Ethical Practices Attorney in eliminating Corruption;
     b. The expenditures of the Ethical Practices Attorney;
     c. The feasibility of conducting officer elections; and
     d. The effectiveness of the Job Referral Rules;

   5. <u>Investigate Corruption</u>. To investigate Corruption Concerning Local 14 with or without probable cause, and with such assistance as he or she reasonably deems appropriate. To investigate Corruption Concerning Local 14, the Ethical Practices Attorney is authorized to:

     a. Interview any officer, administrator, organizer, business manager, business representative, business agent, master mechanic, employee, negotiator, trustee or member of Local 14, the IUOE or any IUOE local, and to gain entrance to, inspect and investigate, without advance notice or permission, any job site, depot, building or office at which members of Local 14, the IUOE or any IUOE local are working, to the extent such entrance to these sites can be authorized by Local 14;
     b. To obtain access to and request copies of any records, books, files, accounts, correspondence and other documents maintained by Local 14, its officers, employees or members;
     c. Issue subpoenas for testimony and documents to non-parties, including but not limited to, any person or entity who employs persons represented by Local 14, the IUOE or any IUOE local;

d.  Take sworn testimony from any officer, agent, representative, employee, or member or person represented by Local 14, the IUOE and any IUOE local before a court reporter or otherwise as the circumstances may require in his or her discretion; and

e.  To require any member to be tested on a piece of equipment which any such member has represented to Local 14 and/or its representatives that he or she is able to operate.

6.  Commence Disciplinary Proceedings.

a.  To commence disciplinary proceedings and bring charges against any member of Local 14 for acts of Corruption as defined herein;

b.  To commence disciplinary proceedings and bring charges against any member of the IUOE or any IUOE local who has engaged in Corruption Concerning Local 14;

c.  To receive the assistance of federal, state, and local law enforcement authorities upon request and without charge to the Ethical Practices Attorney in effectuating the powers, rights, and responsibilities enumerated herein and accomplishing the mandate of ending the involvement of organized crime, Corruption and abuse within Local 14;

d.  To take such action as he or she deems necessary to eradicate Corruption, abuse and the influence of organized criminal groups on Local 14 and/or to refer possible violations of law to federal, state, or local law enforcement authorities; and

e.  To exercise all disciplinary powers available to Local 14 and its Executive Board pursuant to the IUOE Constitution, including but not limited to Article XXIV of the IUOE Constitution, and Local 14's By-Laws, including but not limited to Articles II and VIII of the By-Laws, and any other applicable law to the extent that such powers are consistent and/or broader than those enumerated in this Consent Decree.

7.  Review Authority and Rights.

a.  To review nominations and/or proposed appointments of officers, business managers, business representatives, business agents, master mechanics or employees of Local 14 and to recommend that the Hearing Officer reject any nomination or proposed appointment that constitutes or furthers Corruption. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f. herein;

b.  To review proposed appointments of union trustees to and the hiring of employees by the Local 14 Benefit Funds in which Local 14's members participate, and to recommend that the Hearing Officer reject any proposed appointment that constitutes or furthers

Corruption. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f. herein;

c.      To receive written notice of and a written description of the proposed subject matter of each and every scheduled meeting of Local 14's Executive Board and General Membership, formal meeting scheduled by the officers of Local 14 and meetings of Local 14 committees where official union business is conducted. To attend and view (though not conduct) such meetings;

d.      To request and obtain, upon reasonable notice, oral or written reports regarding any matter concerning Local 14 from the Business Manager of Local 14 about any matter within the jurisdiction of the Ethical Practices Attorney's powers and duties;

e.      To receive written notice of any expenditure over $50,000.00 made by Local 14, or obligations over $50,000.00 incurred by Local 14, or incurred by any other person or entity authorized to make such expenditure or incur such obligation on behalf of Local 14. The written notice shall be provided to the Ethical Practices Attorney fourteen (14) days before an expenditure or obligation is made or as soon as reasonably possible before such expenditure or obligation is incurred where circumstances require that less than fourteen (14) days notice be given;

f.      To review all expenditures made by, or obligations incurred by, Local 14 or any other person or entity authorized to make such expenditure or incur such obligation on behalf of Local 14, and to recommend that the Hearing Officer reject and order the recovery of any expenditure or obligation that constitutes or furthers Corruption as defined herein. The Ethical Practices Attorney may then take such action as directed by the Hearing Officer. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f. herein;

g.      To monitor the application, implementation, interpretation and/or enforcement of the collective bargaining agreements entered into by the parties thereto, for the sole purpose of determining whether the application, implementation, interpretation and/or enforcement constitutes or furthers Corruption as defined herein. In the event that the Ethical Practices Attorney makes such a determination, the Ethical Practices Attorney shall have the authority to immediately enjoin any act or practice, or otherwise direct or order that any act or practice which constitutes or furthers Corruption immediately cease. Local 14 and the United States may seek review of the Ethical Practices Attorney's action pursuant to the procedures set forth in Section VII.A.2.b-f. herein;

h.      To review all decisions by Local 14 to enter into contracts and leases, or hire independent contractors (including but not limited to

10

attorneys, accountants, and brokers, to perform services or provide goods on behalf of Local 14). To recommend that the Hearing Officer reject any such decision that constitutes or furthers Corruption as defined herein and then take such action as directed by the Hearing Officer. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f. herein; and

i.  To review all proposed changes to the By-Laws of Local 14 and to recommend that the Hearing Officer reject any change that constitutes or furthers Corruption. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f.;

8.  <u>Recovery of Assets</u>. To seek recovery of any and all assets of Local 14 that may have been dissipated or otherwise misappropriated in the past, and to assert any cause of action, equitable or legal, or claims possessed by Local 14 arising out of Corruption Concerning Local 14. The Ethical Practices Attorney may: (a) pursue such recovery, cause of action or claim to the extent permitted by law and practicable, whether the underlying conduct occurred prior or subsequent to the date of this Consent Decree, and (b) have the power to direct Local 14 to withhold, to the extent permitted by law and practicable, the payment of any and all funds, salaries, fees or benefits of whatever kind or description to any individual or entity who has misappropriated or is about to misappropriate any assets of Local 14. The procedure and standards for objecting to the Ethical Practices Attorney's exercise of authority under this Section will be those set forth in Section VII.A.2.a.-f. herein.

9.  <u>Elections</u>.

a.  To oversee and monitor any elections held by Local 14 during the term of this Consent Decree for any acts consisting of or furthering Corruption as defined herein, and to certify the result of any such elections as being free of Corruption, as provided in Section IX herein;

b.  To review, approve, reject, modify and make additional election rules and procedures for the direct rank and file election of Local 14 officers based on applicable federal statutes and regulations subject to approval by the United States Attorney's Office for the

11

Eastern District of New York; and

c.     To conduct background investigations of all candidates for elective offices and to bar candidates pursuant to Section IX.E.2 using the means and methods set forth in Section IV.B.5;

10.     <u>Job Referrals.</u>

a.     To review, reject, modify and make any changes to the job referral procedures necessary to ensure that job referrals are made without the influence of Corruption, using the means and powers set forth in Section IV.B.5.a.-e.;

b.     To review records of job referrals and all employer requests for referrals received;

c.     To randomly contact the business manager, business agents and master mechanics during working hours;

d.     To audit the presence of Local 14's members on jobs on a random basis;

e.     Upon determining that there has been a violation of Local 14's job referral rules, the Ethical Practices Attorney may issue any written direction to Local 14, or to any agent, officer, employee, or member of Local 14, as may be appropriate to remedy the violation. An affected person or entity may object to such remedial direction pursuant to the procedures and standards set forth in Section VII.A.2.a.-f.; and

f.     To effectuate the Ethical Practices Attorney's review authority of the job referral rules pursuant to Subsection 10.a.-e., above, using the means and methods set forth in Section IV.B.5.a-e.

11.     <u>Education of Members.</u> To conduct an educational program for the membership of Local 14 relating to union democracy, collective bargaining and the fiduciary responsibilities of union officers. The Ethical Practices Attorney also may conduct educational meetings or discussions with the Local 14 membership at convenient locations such as employers' job sites (if permitted by the employer), the second floor at Local 14's office, at the auditorium where the general membership meetings are held, and at such other locations agreed to by the parties.  The costs associated with educational programs described in this subparagraph shall be paid by Local 14.

   12.   <u>Communication with Members</u>.

      a.   To create a website to communicate with members and to post reports, decisions and announcements; and

      b.   To establish a toll free number, at the expense of Local 14, for members to speak directly with the Ethical Practices Attorney's office.

   13.   <u>Issue Clarifying Rules</u>. To suggest any rule necessary to clarify or interpret any part of this Consent Decree subject to review and approval by the United States Attorney's Office.

   14.   <u>Hearing Officer's Direction</u>. To take such action as directed by the Hearing Officer.

V.   <u>HEARING OFFICER.</u>

   A.   <u>Selection Process</u>.

   1.   Within sixty (60) days of the parties' execution of this Consent Decree, the United States shall present to Local 14 a list of three candidates for the position of Hearing Officer. Thereafter, Local 14 shall have thirty (30) days to interview the candidates and to strike one of the three names proposed. The United States will then submit to the District Court the two or three remaining candidates along with their qualifications. Local 14 may file objections to any of the remaining candidates. The District Court shall appoint the Hearing Officer from among these remaining candidates or reject all of the remaining names and request a resubmission of names by the United States Attorney's Office in accordance with the foregoing provisions of this paragraph;

   2.   Any successor to the Hearing Officer shall be chosen in the same manner.

   B.   <u>Powers and Duties of the Hearing Officer</u>. The Hearing Officer shall exercise the powers and carry out the duties described below during his or her term of office:

1.  <u>General Powers</u>.

    a.    To hear evidence and render decisions in disciplinary proceedings commenced by the Ethical Practices Attorney and make such other decisions concerning recommendations, decisions and directions made by the Ethical Practices Attorney;

    b.    To require, upon notice, the appearance of any Local 14 member for the purpose of providing testimony or producing documents; and the authority to impose discipline not inconsistent with any provision of this Consent Decree.  In the event that the Hearing Officer imposes such discipline, the disciplined member may pursue his right of appeal to the District Court in accordance with the procedures set forth in Section VIII, herein;

    c.    To issue subpoenas for testimony and documents to non-parties, including but not limited to, any person or entity who employs persons represented by Local 14, the IUOE or any IUOE local; and

    d.    To exercise the powers of Local 14 and its Executive Board to conduct disciplinary proceedings as against members of Local 14, the IUOE or any IUOE local that has engaged in Corruption concerning Local 14 pursuant to Article XXIV of the IUOE Constitution, and Article II and Article VIII of Local 14's By-Laws, and any other applicable law to the extent that such powers are consistent with and/or broader than those enumerated in this Consent Decree;

2.  <u>Review Recommendations</u>. In accordance with the procedures set forth in Section VII.B., the Hearing Officer shall review and act upon the following:

    a.    Recommendations made by the Ethical Practices Attorney pursuant to Section IV.B.7;

    b.    Decisions to recover misappropriated assets as set forth in Section IV.B.8; and

    c.    Directions made by the Ethical Practices Attorney pursuant to Section IV.B.10.f.

3.  <u>Removal or Suspension</u>. Upon commencement of disciplinary proceedings brought by the Ethical Practices Attorney, the Hearing Officer may place any officer, member or employee of Local 14, on temporary leave of absence from his or her elected or appointed position if he or she is named in a charging document accusing him or her of engaging in Corruption Concerning Local 14.  At the conclusion of disciplinary proceedings, the Hearing

Officer shall remove or suspend from union employment, union office or union membership any officer, member or employee of Local 14, the IUOE or any IUOE local, who the Hearing Officer has determined engaged in Corruption Concerning Local 14, in accordance with the procedures set forth in Section VII.B. In addition, at the conclusion of disciplinary proceedings, the Hearing Officer may impose a fine upon any officer, member or employee of Local 14, the IUOE or any IUOE local, who the Hearing Officer has determined engaged in Corruption Concerning Local 14.

   4. <u>Reporting</u>. The Hearing Officer shall file with the District Court and serve upon Local 14 and the United States Attorney's Office for the Eastern District of New York a written report once every three (3) months, commencing after the Effective Date of this Consent Decree, summarizing the work of the Hearing Officer, including, but not limited to:

     a. The activities and progress of the Hearing Officer; and
     b. The expenditures of the Hearing Officer;

   5. <u>Hiring</u>. The Hearing Officer may hire, appoint, retain and discharge any personnel necessary to assist in the proper discharge of his or her powers and duties; and

   6. <u>Expenses</u>. The Hearing Officer may expend funds in the account established pursuant to Section VI.C. for all expenses that are reasonable and necessary to execute his or her powers.

VI. <u>TERMS OF OFFICE AND COMPENSATION.</u>

  A. <u>Terms of Office.</u>

   1. The terms of office of the Ethical Practices Attorney and Hearing Officer shall ordinarily be five (5) years and shall commence on the date that this Consent Decree is "so ordered" by the District Court, except that it is expressly provided that: (a) the term of office for the Ethical Practices Attorney will not terminate until all disciplinary proceeding(s) commenced

15

by the Ethical Practices Attorney during the above-described five (5) year term of office, pursuant to Section IV.B.6.a. and b. have been resolved, during which time, absent further order of the District Court or operation of other provision of this Consent Decree, the Ethical Practices Attorney's authority shall be limited to resolving the disciplinary proceedings then pending, including any review by the Hearing Officer and appeal(s) to the District Court therefrom; (b) the term of office for the Hearing Officer will not terminate until the Hearing Officer has discharged his/her duties under Section V.B., and any appeal to the District Court of any then-pending action of the Hearing Officer has been resolved; and (c) subject to Section VI.B., in no event shall the terms of office for either the Ethical Practices Attorney or the Hearing Officer terminate before at least one election is duly certified to the District Court in accordance with the terms of this Consent Decree.

   2. Prior to the conclusion of the terms of office for the Ethical Practices Attorney and the Hearing Officer, the United States or Local 14 may make an application to the District Court to extend the term of office for the Ethical Practices Attorney or the Hearing Officer.

  B. <u>Removal From Office</u>. The Ethical Practices Attorney or Hearing Officer may be removed only by the District Court, and upon application by the United States Attorney's Office or Local 14 made prior to the expiration of the relevant term of office, if it is shown that the Ethical Practices Attorney or Hearing Officer has committed an illegal act or has inadequately and/or unreasonably performed the duties and responsibilities provided for in the Consent Decree.

  C. <u>Compensation of the Ethical Practices Attorney and Hearing Officer.</u>

   1. The compensation and expenses of the Ethical Practices Attorney and

16

the Hearing Officer, and any person or persons hired under their authority pursuant to Sections IV.A.1. and V.A.1., shall be paid by Local 14. Within two weeks after the appointment of the Ethical Practices Attorney and the Hearing Officer, Local 14 shall fund an escrow account (the "Escrow Account") for payment of the compensation and expenses of the Ethical Practices Attorney and Hearing Officer upon which the Ethical Practices Attorney and Hearing Officer may draw. The account shall be established by Local 14 with an initial balance of $150,000.00 and shall be maintained by Local 14. The account will be replenished up to the $150,000.00 level every two months on the first business day of the month, or sooner if the balance falls below $25,000.00. The Ethical Practices Attorney and the Hearing Officer may draw upon the Escrow Account as reasonably necessary to pay compensation and expenses. In the event that Local 14 cannot meet its obligation to fully fund the escrow account, Local 14 agrees that it will seek assistance from the IUOE in meeting its obligation.

        a.    Every three months, the Ethical Practices Attorney shall present an accounting which includes an itemized bill with supporting material for services and expenses. Local 14 shall have thirty (30) days from receipt of the above in which to contest the bill by filing written objections with the District Court; and

        b.    If Local 14 is successful in its challenge to the accounting, it will be entitled to a credit on its contribution to the minimum amount established in Section VI.C. for the months in the subsequent quarter in the amount the compensation and expenses are reduced by the District Court. In all disputes concerning the reasonableness of the compensation or expenses requested, the District Court and parties shall be guided by the level of payment most recently authorized and approved by Local 14 for the payment of similar services and expenses.

    D.    <u>Ethical Practices Attorney's Office Space</u>. Local 14 shall make available, at no cost to the Ethical Practices Attorney, adequate office space at the union hall(s) of Local 14 or nearby for the Ethical Practices Attorney and staff as necessary.

E.     Limitations. The Ethical Practices Attorney and the Hearing Officer will not engage in collective bargaining, grievance handling, or representation of members, except that nothing in this provision shall in any way modify the authority granted to the Ethical Practices Attorney or Hearing Officer under the terms of this Consent Decree.

VII.   DISCIPLINARY, REVIEW AND HEARING PROCEDURES.

A.     Review of Recommendations, Decisions
       and Directions Made By the Ethical Practices Attorney.

1.     The Hearing Officer shall review recommendations, decisions and directions made by the Ethical Practices Attorney pursuant Section IV.B.7.a-b, f-i, 8, 9.b and 10.e based upon all the evidence offered by the Ethical Practices Attorney, including hearsay, and shall affirm the recommendation, decision or direction if it is supported by substantial evidence.

2.     The following procedures shall apply to the Hearing Officer's review:

a.     The Ethical Practices Attorney shall serve written notice of any recommendation, decision or direction upon the United States, Local 14 and the Hearing Officer. The Ethical Practices Attorney shall also serve notice upon any other person or entity effected by the Ethical Practices Attorney's recommendation, decision or direction. The Ethical Practices Attorney shall effect service of notice within five (5) business days (i.e. not including weekend days, religious or national holidays) after the recommendation, decision or direction has been made;

b.     Local 14 or any other affected person or entity may file any written objection to the Ethical Practices Attorney's recommendation, decision, direction or order with the Hearing Officer within five (5) business days (i.e. not including weekend days, religious or national holidays) after receipt of the notice;

c.     At the Hearing Officer's option, the Hearing Officer may conduct a hearing. The hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings. The hearing shall be recorded in its entirety by a court reporter, and a written transcript of the hearing prepared. The Hearing Officer may include any additional procedural safeguards that are believed necessary to ensure a fair hearing. The Ethical Practices Attorney

18

and the applicable affected party shall present evidence at the hearing before the Hearing Officer, including hearsay. All testimony and other evidence shall be received by the Hearing Officer under oath;

d. The Hearing Officer shall issue a decision within thirty (30) days after the close of evidence and argument as set forth in Section VII.D.;

e. In the alternative, the Hearing Officer may issue a decision without a hearing within thirty (30) days after the receipt of the applicable party's objection; and

f. Either party to the Hearing Officer's decision may appeal the Hearing Officer's decision within fourteen (14) days to the United States District Court Judge assigned to this action, pursuant to the procedures set forth below in Section VIII.

B.   Procedures to be Followed in Disciplinary Cases or Proceedings.

1. The following procedures shall be followed for disciplinary proceedings

commenced by the Ethical Practices Attorney:

a. The Ethical Practices Attorney shall serve a written, specific charge for any matter constituting Corruption upon the charged party;

b. A hearing on the charge before the Hearing Officer defined below shall be scheduled for no sooner than thirty (30) days and no later than ninety (90) days after service of the charge upon the charged party;

c. The person charged may be represented by a member of his or her union, or an attorney, at the hearing and throughout the disciplinary process, with such representation to be at the expense of the person charged;

d. The hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings. The hearing shall be recorded in its entirety, and a written transcript of the hearing prepared. The Hearing Officer may include any additional procedural safeguards that are believed necessary to ensure a fair hearing;

e. The Ethical Practices Attorney and the member shall present evidence at the disciplinary hearing before the Hearing Officer, including hearsay;

f. The Ethical Practices Attorney will have the burden of proving the charge by the preponderance of the evidence presented; and

g. All testimony and other evidence shall be received by the Hearing Officer under oath; and

h. Removal, suspension or fine shall be effected by written

decision as set forth in Section VII.D.

2.    The Hearing Officer shall have the authority to promulgate rules of procedure for the conduct of all proceedings before him or her.

C.    <u>Refusal to Produce Documents or To Testify</u>.

1.    If any officer, employee or member of Local 14, the IUOE or any IUOE local refuses to testify or to provide evidence to the Ethical Practices Attorney or the Hearing Officer on the basis of his or her privilege against self-incrimination, discipline may be imposed on such person for that reason alone, consistent with the Code of Ethics of the American Federation of Labor-Congress of Industrial Organizations, as adopted by the IUOE in 1958. Failure to testify or provide evidence in the absence of a valid claim of attorney-client privilege may be the basis for discipline.  Any person so declining to testify or provide evidence to the Ethical Practices Attorney may be subpoenaed to testify before the Hearing Officer and he or she may be subject to punishment for contempt of the District Court upon application to the District Court by the Ethical Practices Attorney.

2.    If any person or entity, pursuant to subpoena, refuses to testify or to provide evidence to the Ethical Practices Attorney or the Hearing Officer, the Ethical Practices Attorney or Hearing Officer may seek sanctions pursuant to Rules 16 or 37 of the Federal Rules of Civil Procedure.

D.    <u>Hearing Officer's Decision</u>.

1.    The Hearing Officer shall issue a written decision, including his or her findings of fact regarding the charges and the evidence relied upon, and the disciplinary actions to be taken.

2.    The Hearing Officer shall make findings based on a preponderance of

evidence in the record and his or her decision shall take full force and effect immediately.

3.      Any decision of the Hearing Officer rendered pursuant to this subparagraph shall be reviewable by the District Court. The District Court's jurisdiction over such appeals shall be exclusive, and the Hearing Officer's decisions shall not be reviewable or subject to collateral attack in any other forum, including any forum provided for under the IUOE Constitution, the Local 14's By-Laws, the By-Laws of any other IUOE Local Union, the Labor-Management Reporting and Disclosure Act ("LMRDA"), or any other law.  This provision shall not prohibit anyone appealing a decision of the Hearing Officer from raising, in the District Court, substantive arguments based on the IUOE Constitution, the Local 14 By-Laws, the bylaws of any other IUOE Local Union, or the LMRDA.

VIII.   APPELLATE PROCEDURES.

A.      Decisions of the Hearing Officer may be appealed to the District Court. The United States, Local 14 and the Ethical Practices Attorney shall have the sole authority to appeal all decisions of the Hearing Officer issued pursuant to Section VII.A of this Consent Decree.  A person who is the subject of a decision relating to a disciplinary proceeding may appeal the decision of the Hearing Officer.

B.      The United States, Local 14 and the Ethical Practices Attorney may only file an appeal of a decision of the Hearing Officer by filing a notice of intent to appeal with the District Court within fourteen (14) days of receipt of the decision.  Service of the notice of appeal upon the parties and the Ethical Practices Attorney shall be effected upon filing.

C.      A person who is subject to a decision relating to a disciplinary proceeding may only appeal a decision of the Hearing Officer to the District Court by filing a notice of intent to appeal with the District Court within fourteen (14) days of receipt of the decision.  Service of

21

the notice of appeal upon the parties and the Ethical Practices Attorney shall be effected upon filing.

D.      Any appeal to the District Court pursuant to subparagraphs A., B. and C., above, shall be governed by the standards of review and procedural rules applicable to judicial review of agency decisions under the Administrative Procedure Act, 5 U.S.C. § 501 *et seq.* and § 701 *et seq.*, including that the decision will be upheld if it is supported by substantial evidence in the record.

E.      Any actions and decisions of the Ethical Practices Attorney and/or the Hearing Officer shall be reviewable exclusively by the District Court as provided herein and are not subject to arbitration or other challenge or appeal under the IUOE Constitution, Local 14's By-Laws, the By-Laws of any other IUOE local, the LMRDA or any other law.

IX.     ELECTIONS.

A.      Elections in Local 14 shall be enjoined until such time as the Ethical Practices Attorney determines that fair and untainted elections can be held in Local 14 as set forth in Section IX.D. herein.

B.      The Business Manager of Local 14 and the Ethical Practices Attorney shall consult as to when, in their opinion, elections for officers, including members of the Executive Board, can be held which are fair, free and untainted and otherwise in the best interests of Local 14.

C.      Such elections shall be held whenever the Ethical Practices Attorney determines that fair and untainted elections can be held in Local 14, and files a notice of such determination with the District Court along with a submission describing the basis and reasons for such determination. Local 14 shall then file a response to the Ethical Practices Attorney's notice.  The

District Court may request and receive from any of the parties additional submissions, evidence or testimony pertinent to the Ethical Practices Attorney and Hearing Officer's determination. The District Court then will determine whether elections in Local 14 which are fair, free and untainted and otherwise in the best interests of Local 14, can be held at that time. The District Court's determination of the holding of the elections shall be final and not subject to appeal. The time table for any elections shall conform as closely as practicable to that required under the IUOE Constitution and Local 14's By-Laws.

      D.     Once it is determined that the election can be held, Local 14, with the assistance of the IUOE, shall prepare an initial draft of election rules and procedures based upon the IUOE's Constitution, Local 14's By-Laws and applicable federal statutes and regulations. This draft shall then be submitted to the Ethical Practices Attorney for his or her review, approval, rejection or modification. In addition, the Ethical Practices Attorney may make additional rules. All election rules shall be finalized at least thirty (30) days before the formal nominations are to occur. Once the election rules and procedures have been approved by the Ethical Practices Attorney, he or she may hire an organization or individual with experience in running local union elections, to assist in the running of the election. The Ethical Practices Attorney shall maintain the responsibility for supervising and overseeing the conducting of the nomination and election of Local 14's officers and other officials in accordance with applicable law, including but not limited to the election procedures in 29 U.S.C. § 481, and otherwise to ensure that the election is fair and untainted elections. All costs and expenses associated with conducting the election shall be paid directly by Local 14. The Ethical Practices Attorney may seek assistance from the IUOE, the United States Department of Labor or the United States Attorney's Office for the Eastern District of New York for the administration, conduct and supervision of fair elections.

E.    The Ethical Practices Attorney shall have the following powers, rights, and responsibilities with respect to the conduct of such elections:

1.    To investigate or review any aspect of Local 14's nomination or election process.

2.    To oversee the nomination of candidates for the elections.  The Ethical Practices Attorney shall be given notice of all candidates who wish to run in the elections, at least thirty (30) days before the formal nominations are to occur.  The Ethical Practices Attorney shall bar a candidate from being nominated or running for office in an election if the candidate has been adjudged to be a Barred Person, has been removed or suspended from office or membership within Local 14, or if the person has engaged in Corruption.

3.    To review all membership or vote rosters and to resolve, consistent with the IUOE Constitution and By-Laws of Local 14, any questions regarding the eligibility of individual members to vote.

4.    To administer, supervise, oversee and review the conduct and results of the elections and, within thirty (30) days after an election is held, to report such results to the District Court as follows: If the Ethical Practices Attorney finds no evidence of irregularity, unfairness or impropriety in the conduct or results of the election, the Ethical Practices Attorney shall certify to the District Court that the results of the election were fair and reflect the free and untainted majority decision of the union membership. If the Ethical Practices Attorney determines that the conduct or results of any election were in any way tainted by irregularity, unfairness or other impropriety (including but not limited to Corruption as defined herein which has occurred in connection with the election), the Ethical Practices Attorney shall, within the same thirty (30) days after an election is held, make application to the District Court, upon notice

24

to Local 14 and the IUOE General President, to have an election result set aside and a new election held. If, after consideration of the application and evidence presented by the Ethical Practices Attorney, the District Court orders a new election to be held, the election shall again be held in accordance with the provisions of this Section, and subject to any modifications in the procedure or conduct of the election as the District Court determines to be necessary to prevent the recurrence of any irregularity, unfairness or other impropriety. The District Court's determination as to whether the election should be set aside or upheld shall be final and not subject to appeal.

X.     MEMBERSHIP.

Local 14 shall draft and promulgate an amendment to its By-Laws to ensure that only qualified individuals are considered for membership into Local 14B, in the form annexed hereto as Attachment 1. The parties acknowledge that to become a member of Local 14, an individual must first have obtained a New York City Hoist Machine License as identified in Article IV, Section 4 of Local 14's By-Laws.

XI.    JOB REFERRAL RULES.

A.     Any changes to these rules shall be consistent with the goal of assuring that all referrals are made on the basis of neutral principles that guarantee each member a fair opportunity to be referred to work and shall be subject to the review, rejection and modification by the Ethical Practices Attorney.

B.     Non-Discrimination in Job Referrals. Referrals to jobs shall be on non-discriminatory basis and shall not be based on, or in any way affected by, race, gender, age, national origin, sexual orientation, disability, religion or lawful union related activity.

C.     Effect of Job Referral Rules. All referrals by Local 14 to jobs within its

jurisdiction shall be made in accordance with these rules.

     D.     <u>Non-Exclusivity of Job Referral System</u>. These rules do not preclude a member from finding his or her own job in accordance with Article VIII, Section 2(n) and Article IX of Local 14's By-Laws.

     E.     <u>Employer Requests in Writing.</u>  Any employer request for a particular operating engineer must be in writing and, in addition to the requested member's name, shall provide the job site location and the equipment the member will be operating in accordance with Section 3 of Local 14's Referral System Procedures.

     F.     <u>Dissemination of the Job Referral Rules</u>. The job referral rules shall be: (a) conspicuously posted at the offices of Local 14; (b) posted on the Ethical Practices Attorney's web-site; and (c) distributed to all current members of Local 14 upon the effective date of this Consent Decree and to all future members of Local 14 upon their admission to membership within Local 14.  Additional copies of these rules shall be made available to members upon request, subject to the payment of reasonable copying costs.

     G.     <u>Job Referral Information</u>.

     1.     Local 14 shall maintain accurate and current records of all job referrals. The records shall be preserved for a period of three (3) years from the making of each record.

     2.     The records shall include the following information:

     a.     all daily registrations by members of their availability for referral which shall include the date of each member's registration;

     b.     all daily job referrals made, including: (1) the name of the member referred; (2) the date and time of the referral; (3) the name of the employer; and (4) the location of the job site;

     c.     all instances where a job referral is not made to a member which shall provide: (1) the name of the employer; (2) the location of the job site; and (3) the basis for not making the referral, particularly whether a member: (a) refused the referral; (b) was unavailable for the referral; or (c) lacked the required skill(s) to perform the job in

question; and

d.    all specific requests from employers for particular members of Local 14, including the name of the member being requested, the job site location and the equipment the member will be operating.

3.    Each business agent shall keep a daily log of his or her whereabouts during business hours and shall list the name of each employer with whom he or she had dealings. The Ethical Practices Attorney may inspect those logs at any time. If the business agent fails to produce his or her log, the Ethical Practices Attorney may file disciplinary charges.

H.    <u>Access to Job Referral Information.</u>

1.    Any member can inspect or copy any record containing the job referral information described in Section XI.G. An appointment for inspection shall be scheduled within five (5) days of a request.  Copies of five hundred (500) pages or less shall be provided within ten (10) days of a request. Copies of more than five hundred (500) pages shall be provided within thirty (30) days of a request.  Local 14 may charge $.50 per page to copy of the first twenty (20) pages and $.25 per page thereafter.

2.    Upon request, records of referrals and all written employer requests on a given business day shall be forwarded to the Ethical Practices Attorney within one business day.

3.    All business agents and master mechanics shall disclose their cellular telephone and pager numbers to the Ethical Practices Attorney for communications during business hours.

XII.    <u>BENEFIT FUNDS.</u>

Local 14 shall use its best efforts to obtain the cooperation of the employer-trustees in the event that the Ethical Practices Attorney seeks to investigate Corruption involving the Annuity, Pension, Welfare and Training Funds of the International Union of Operating Engineers Local 14-14B, AFL-CIO.

27

XIII.   AMENDMENTS TO LOCAL 14'S BY-LAWS.

In addition to the amendment required by Section X of this Consent Decree:

A.      Local 14 shall amend its By-Laws to implement a new Ethical Practices Code, annexed hereto as Attachment 2, to assist in further eliminating Corruption and to promote honesty and integrity throughout every level of Local 14.  The Ethical Practices Code shall go into effect upon its ratification by the membership of Local 14 and approval by the IUOE General President in accordance with its By-Laws and the IUOE Constitution, respectively.

B.      The By-Laws of Local 14 shall be amended to provide that any officer, agent, member, representative or employee of Local 14 shall be placed on temporary leave of absence from his or her elected or appointed position if he or she is named in an indictment or other criminal charging document accusing him or her of: (1) any violation of federal or state law involving the operation of a labor organization, employee welfare benefit plan, or employee pension benefit plan; or (2) a felony violation of federal or state law relating to Corruption as defined in Section II.C. *supra*. Such individual(s) shall remain on temporary leave of absence during the pendency of the matter and an investigation shall be undertaken to determine if discipline should be imposed.

C.      The By-Laws of Local 14 shall be amended to provide that any officer, agent, member, representative or employee of Local 14 will immediately forfeit his or her position (elected or appointed) and any and all future voting rights as well as his or her right to hold elected or appointed office should he or she be convicted of: (1) any violation of federal or state law involving the operation of a labor organization, employee welfare benefit plan, or employee pension benefit plan; or (2) a felony violation of federal or state law concerning Corruption as defined in Section II.C. *supra*.  Such individual(s) will be immediately removed and shall not

receive any retirement benefits other than those that have vested under Title I of ERISA and are protected by the anti-alienation provisions of ERISA. See 29 U.S.C. §1056(d).

D.     The terms of this Consent Decree supersede any contrary terms of the IUOE Constitution or Local 14's By-Laws.

XIV.   INSURANCE AND INDEMNIFICATION.

A.     Indemnification. Local 14 shall indemnify the Ethical Practices Attorney, Hearing Officer and any of the persons that they hire or act on in their behalf. In addition, the Ethical Practices Attorney, Hearing Officer and any persons hired by or acting on their behalf, shall enjoy whatever privileges and immunities from personal liability may exist under the law for court officers. An attorney hired by the Ethical Practices Attorney shall have responsibility for defending the Ethical Practices Attorney or anyone acting on his or her behalf in any lawsuit for any actions taken pursuant to the Consent Decree and which are covered by such privileges and immunities from personal liability.

B.     Insurance. Local 14 shall purchase a policy of insurance in an appropriate amount to protect the Ethical Practices Attorney and Hearing Officer from personal liability for any of their actions taken on behalf of Local 14 pursuant to this Consent Decree. The premium charges for this insurance shall be included as part of the Ethical Practices Attorney's Expenses as provided for in Section VI.C. and paid in accordance therewith.

XV.    NOTICE TO MEMBERS.

Within thirty (30) days of entry of this Consent Decree, Local 14 shall notify its membership of the Consent Decree by posting copies of the Consent Decree at its main office and by mailing a copy to each member's last known address. Within forty-five (45) days of the entry of the Consent Decree, Local 14 shall notify the United States, the Ethical Practices

Attorney and the Hearing Officer that the notice has been given in accordance with this section. During the term of this Consent Decree, all new members of Local 14 will be provided a copy of the Consent Decree upon their admission to membership within Local 14.

XVI.  EFFECTIVE DATE OF CONSENT DECREE.

The provisions of this Consent Decree shall be effective upon the filing of this executed Consent Decree in the District Court.

XVII.  SCOPE OF JUDGMENT.

Nothing in this Consent Decree, nor any of the rights, powers, or responsibilities of the Ethical Practices Attorney or the Hearing Officer, shall be construed to limit the District Court in terms of its authority to impose other appropriate relief. The District Court shall in its discretion call for such additional reports from Local 14, and/or the Ethical Practices Attorney as the District Court may deem necessary and advisable and shall call for and compel the attendance at meetings or status conferences from time to time of Local 14 and/or the Ethical Practices Attorney as the District Court may deem necessary and advisable.

XVIII.  FUTURE ACTIONS.

Nothing in this Consent Decree shall preclude the United States or any of its departments or agencies from taking any appropriate action against any officer, employee, agent, representative or member of Local 14, the IUOE, or any IUOE local in reliance on federal laws, including, but not limited to, any criminal investigation or prosecution or any action under federal tax laws.

XIX.  MODIFICATION AND ENFORCEMENT.

Each party shall be able to petition the District Court at any time during this proceeding, upon notice to other parties, for clarification, modification, amendment, or enforcement of any of

the terms of this Consent Decree, or for such other assistance as may be necessary and appropriate to implement the intent of this Consent Decree.

XX.   FUTURE PRACTICES.

The parties intend the provisions set forth herein to govern Local 14's practices in the areas affected by this Consent Decree, now and in the future.  Local 14 shall give prior written notice to the United States Attorney's Office and to the Ethical Practices Attorney of any proposed changes to its By-Laws.  For a period of three (3) years after the termination of the terms of office of the Ethical Practices Attorney and Hearing Officer, Local 14 shall continue to give prior written notice of any such proposed changes to the United States. If the Ethical Practices Attorney or the United States objects to the proposed changes as inconsistent with the terms or objectives of this Consent Decree, the change shall then not occur, provided that, upon such objection, Local 14 may apply to the District Court for a determination as to whether the proposed change is consistent with the terms and objectives of this Consent Decree.

XXI.   COSTS AND FEES.

With respect to all litigation occurring prior to the entry of this Consent Decree, the United States shall not seek costs or attorneys' fees from any other party hereto, nor shall Local 14 seek costs or attorneys' fees from the United States. Local 14 retains the right to hire legal counsel to represent it in connection with this litigation or Consent Decree, and may use union funds to pay for its counsel.  The Ethical Practices Attorney's review authority under Section IV.B.7. shall not apply to such expenditures, or to legal fees and costs paid prior to entry of this Consent Decree arising out of the representation of the IUOE and Local 14 in this litigation.

XXII.   MERGER.

This Consent Decree contains the entire agreement between the parties with respect to the

subject matter herein. The parties acknowledge that there are no understandings relating to the settlement other than those expressly contained in this Consent Decree.

XXIII. CONSTRUCTION.

For purposes of construction, this Consent Decree shall be deemed to have been drafted by all parties and shall not, therefore, be construed against any party in any subsequent dispute.

XXIV. SEVERABILITY.

If any provision of this Consent Decree is hereafter determined to be invalid for any reason, the balance of this Consent Decree shall remain in full force and effect.

XXV.  ADDITIONAL PROVISIONS.

A.      All Writs Act. Pursuant to the All Writs Act, 28 U.S.C. § 1651, all parties and non-parties to this Consent Decree are hereby permanently restrained and enjoined from litigating any and all issues relating to this Consent Decree or arising from the interpretation or application of this Consent Decree in any court or forum in any jurisdiction except the District Court. Such issues relating to this Consent Decree include, but are not limited to, challenges to actions of the Ethical Practices Attorney, Hearing Officer and/or their delegates and challenges to issuance of or compliance with subpoenas.

B.      Relatedness. If the Ethical Practices Attorney, any party, or other person or entity files any separate action pursuant to this Consent Decree, such action shall be designated a related action pursuant to Local Rule 50.3. The District Court shall have exclusive jurisdiction to decide any and all issues and disputes arising from the interpretation or application of this Consent Decree until further order of the District Court. The United States shall have the right to intervene in the event there is a dispute regarding any interpretation or application of this Consent Decree.

XXVI. <u>NONADMISSION CLAUSE.</u>

This Consent Decree is intended to settle all civil claims against Local 14 as set forth in

the Complaint, without costs or attorneys' fees to any settling party.  This Consent Decree is

entered into for purposes of settlement only, and nothing in this document shall be deemed an

admission by Local 14 of the truth of the allegations set forth in the Complaint.

XXVII. <u>AUTHORIZED REPRESENTATIVES.</u>

The undersigned signatories represent that they are fully authorized to enter into the

terms and conditions of this Consent Decree and to execute and legally bind to this document the

party that he or she represents.

Dated: Brooklyn, New York
       July 2ʒ, 2008

CONSENTED TO:

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
Attorney for Plaintiff
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____

RICHARD K. HAYES
Assistant U.S. Attorney
(718) 254-6050

BRADY McGUIRE & STEINBERG, P.C.
Attorneys for Defendant I.U.O.E. Local 14-14B
603 Warburton Avenue
Hastings-on-Hudson, New York 10706

By: _____

JAMES M. STEINBERG
A Member of the Firm
(914) 478-4293

LAW OFFICE OF PETER T. SHERIDAN
Attorney for Defendant I.U.O.E. Local 14-14B
603 Warburton Avenue
Hastings- on-Hudson, New York 10706

By: _____

PETER T. SHERIDAN
A Member of the Firm
(914) 478-3300

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO
141-57 Northern Boulevard
Flushing, New York 11354

By: _____

Edwin L. Christian
President & Business Manager

SO ORDERED:

/s/ (SJ)
_____
**The Honorable Sterling Johnson**
**U.S. District Court Judge**
**Eastern District of New York**

34